ORDERED in the Southern District of Florida on October 2, 2008.



A. Jay Cristol, Chief Judge Emeritus
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re

JOSE SANCHEZ
and FANNY SANCHEZ

       Debtors.

_____/

Case No.: 01-042230-BKC-AJC
Chapter 13

DONALD F. WALTON
United States Trustee,

       Plaintiff,

vs.

COUNTRYWIDE HOME LOANS, INC.

       Defendant.

_____/

Adv. No.:  08-1176-BKC-AJC-A

## MEMORANDUM OPINION AND ORDER GRANTING
## COUNTRYWIDE HOME LOANS, INC.'S MOTION TO DISMISS

THIS MATTER came before the Court at 2:30 p.m. on July 28, 2008, upon the hearing

on Defendant, Countrywide Home Loans, Inc.'s ("Countrywide") Motion to Dismiss Adversary

Proceeding (DE 24).  The Court having reviewed the file and the parties' submissions and heard argument of counsel, and being otherwise fully advised in the premises, for the reasons set forth in detail below, Orders that the Motion to Dismiss is GRANTED.

## I.  **BACKGROUND**

Donald F. Walton, the United States Trustee for Region 21 ("UST"), filed this adversary proceeding against Countrywide Home Loans, Inc. ("Countrywide") on March 1, 2008.  The UST alleges that Countrywide engaged in bad faith conduct which abused the judicial process in connection with the Chapter 13 bankruptcy case of Jose and Fanny Sanchez.  The conduct of which the UST complains arises from two allegedly inaccurate motions for relief from stay filed by Countrywide in the Sanchezes' bankruptcy case on November 13, 2003, and January 9, 2004, respectively.  The Court denied the first Motion for Relief from Stay on December 4, 2003, and Countrywide voluntarily withdrew the second motion on January 28, 2004.  The UST also alleges that Countrywide initiated a foreclosure action on June 15, 2007, in violation of the Sanchezes' Chapter 13 plan and the Bankruptcy Court's December 13, 2006 discharge order. The Sanchezes' Chapter 13 case was closed on July 10, 2007, and reopened on August 10, 2007, to address the June 15, 2007 foreclosure action.  Countrywide voluntarily dismissed its foreclosure complaint on October 29, 2007.  After Countrywide dismissed the foreclosure action, the Sanchezes withdrew without prejudice a contempt motion they had filed with respect to the foreclosure action. The Sanchezes are not parties to this adversary proceeding.

Predicated on the motions for relief from stay and the foreclosure action, the UST requests "appropriate monetary sanctions" against Countrywide and an injunction "enjoining and restraining Countrywide from engaging in bad faith and abusive practices in connection with: (i) its preparation, verification, filing and prosecution of pleadings and proofs of claim in

bankruptcy cases; and (ii) its preparation, verification, filing and prosecution of state court foreclosure actions to the extent such actions involve debtors, claims or liens that have previously been subject to bankruptcy court orders."[1]

On May 28, 2008, Countrywide filed a Motion to Dismiss the UST's Complaint alleging as grounds that this Court lacks subject matter jurisdiction, that the case is moot, that the UST lacks standing, and that the UST has failed to state a claim upon which relief may be granted.

## II.    DISCUSSION

The Court finds that it has jurisdiction over this controversy pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157.  To the extent Countrywide's Motion to Dismiss is predicated on the grounds that the controversy is moot and that the Court lacks subject matter jurisdiction it is denied.  Moreover, the Court believes that the UST has standing, and Countrywide's Motion to Dismiss on that ground is denied as well.  The Court now turns to Countrywide's argument that the UST has failed to state a claim upon which relief may be granted.

Federal Rule of Civil Procedure 12(b)(6) -- made applicable to this adversary proceeding by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure -- allows a defendant to test the legal sufficiency of a complaint.  *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S. Ct. 1955, 1964-65 (2007) (noting that the federal pleadings standard requires more than legal conclusions unsupported by facts or a "formulaic recitation of the elements of a cause of action").  To avoid dismissal, a plaintiff must allege sufficient facts to support the allegations in the complaint and state a plausible claim. *Twombly*, 127 S.Ct. at 1965.  Even under the liberal pleading standard in federal courts, conclusory statements standing alone will not withstand a motion to dismiss. *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002) ("[C]onclusory allegations,

---

[1] The UST asserts three "Counts", styled "Materially Inaccurate And/Or Misleading Representations of Fact" (Count I), "Violation of Discharge Order, Plan and Court Orders" (Count II), and "Repeated Failure to Ensure the Accuracy of Pleadings and Accounts" (Count III).

unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal."). The UST's causes of action cannot withstand Countrywide's Motion to Dismiss under Rule 12(b)(6), and must be dismissed.

The UST pleads two forms of relief for Countrywide's alleged conduct. First, the UST seeks "appropriate monetary sanctions" against Countrywide under either 11 U.S.C. § 105 or under the Court's inherent powers. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). Second, the UST seeks injunctive relief. Neither form of relief states a viable cause of action, and both fail for the reasons outlined below.

**A.    The UST has failed to state a claim for sanctions.**

The UST's claim for sanctions is predicated on § 105 of the Bankruptcy Code and the Court's inherent powers.[2] Section 105 permits the Court to ". . . issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title", and to take ". . . any action or [make] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a); *cf. Marrama v. Citizens Bank of Mass.*, -- U.S. --, 127 S. Ct. 1105, 1112 (2007) (noting the "broad authority" granted to bankruptcy judges to take any action that is necessary or appropriate to prevent an abuse of process, and further, that the bankruptcy court's inherent powers permit it to sanction

---

[2] Other bases for the imposition of sanctions are found in Bankruptcy Rule 9011 and 28 U.S.C. § 1927. The UST has not pled a claim under Rule 9011 or § 1927, and a claim against Countrywide will not lie under either the Rule or the statute. Rule 9011(c)(1)(A) requires that the party seeking sanctions must first serve the respondent with a motion describing the specific conduct alleged to violate the rule. FED. R. BANKR. P. 9011(c)(1)(A). If the respondent does not withdraw or correct the pleading within 21 days, then the motion may be filed. *Id.* The UST did not give the requisite notice, and the allegedly offending pleadings—the motions for relief from stay and the foreclosure action—have been withdrawn or dismissed. And, although the Court may impose monetary sanctions on its own initiative under Rule 9011, such sanctions may not be awarded unless the Court issues an order to show cause "before a voluntary dismissal or settlement of the claims made by or against the party which is, or whose attorneys are, to be sanctioned." FED. R. BANKR. P. 9011(c)(2)(B). The Court has not issued a show cause order, and sanctions would, in any event, not be appropriate because the allegedly offending pleadings have been withdrawn. As to 28 U.S.C. § 1927, that section limits sanctions to attorneys or other persons admitted to conduct cases who multiply proceedings vexatiously. The UST cannot maintain a claim under this statute against Countrywide.

"abusive litigation practices" notwithstanding § 105). While this Court has the power to impose civil sanctions to prevent an abuse of process and abusive litigation practices, the issue presented to the Court is whether the UST has stated a claim for an award of monetary sanctions against Countrywide. The Court concludes that he has not.

Sanctions may be sought to compensate or to punish. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 812, 827 (1994). Compensatory sanctions must be sought "between the original parties, and are instituted and tried as part of the main cause." *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 444-445 (1911). Punitive sanctions seek relief on behalf of the public. *Id.* at 445. *See also Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 804 (1987); *United States v. Straub*, 508 F.3d 1003, 1009 (11th Cir. 2007); *United States v. Hochschild*, 977 F.2d 208, 213 (6th Cir. 1992); *In re Hipp, Inc.*, 895 F.2d 1503, 1510 (5th Cir. 1990).

The UST's claim for "appropriate monetary sanctions" fails as it does not seek to compensate. If anyone has been harmed by Countrywide's alleged conduct, it would be the Sanchezes, the "original parties", who were required to respond to the motions for relief from stay and the foreclosure action. The Sanchezes, therefore, would be the proper parties to pursue compensatory civil sanctions, and the Sanchezes are not participating in this proceeding, having withdrawn their own claim for sanctions. *See Gompers*, 221 U.S. at 444-45. The UST has failed to cite any statutory or common law basis for pursuing civil sanctions against Countrywide in this case.

Furthermore, the claim for "appropriate monetary sanctions" fails because the UST is not authorized to pursue punitive sanctions on behalf of the public by way of an adversary proceeding. The UST has a broad mandate, which ranges from monitoring creditor's

committees, to reviewing applications for compensation and reimbursement, to objecting to discharges and requesting conversion or dismissal of cases, *see, e.g.*, 11 U.S.C. §§ 330, 727, 1102, 1307 and 28 U.S.C. § 586(a)(3)(A) - (E); however, these statutes do not allow the UST to initiate adversary proceedings for civil sanctions on behalf of the public. While the Court agrees with the UST that it is the representative of the public interest in bankruptcy cases, and that the UST may "raise and may appear and be heard on any issue in any case or proceeding under this title" pursuant to 11 U.S.C. § 307, Congress has not granted the UST broad powers to file lawsuits seeking monetary sanctions. *See* H.R. Rep. No. 95-595, at 88 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6049 (stating that "the proposed United States trustee will be the repository of many of the administrative functions now performed by bankruptcy judges"). The UST may be authorized to investigate wrongdoing, conduct discovery relative to an investigation and even conduct the first meeting of creditors under 11 U.S.C. § 341, but the results of any such investigation, discovery or meetings, if actionable, may not be pursued by him in an adversary proceeding against the alleged wrongdoer. Rather, it is the United States Attorney who is charged with bringing legal action to punish any violations of the bankruptcy laws.

In opposition to Countrywide's Motion to Dismiss, the UST relies primarily on two cases in which adversary proceedings instituted by a United States Trustee were addressed. Both cases are distinguishable. In *LWD Trucking, Inc. v. LWD, Inc. (In re LWD, Inc.)*, 342 B.R. 514 (Bankr. W.D. Ky. 2006), the United States Trustee asserted claims against principals of a debtor for, among other things, equitable subordination, "equitable postponement", and unjust enrichment. In rejecting the defendants' motions to dismiss for lack of standing, the bankruptcy court assumed as true the United States Trustee's allegations that the United States government was a creditor:

> Plaintiff [the United States Trustee] has alleged that Defendants' actions have resulted in an improper diminishment of estate assets to the detriment of creditors including the United States government, which, by extension, includes the general taxpaying public. In light of these assumed facts, the Court must conclude, *inter alia*, that Plaintiff is acting in the public interest in bringing this Adversary Proceeding and, therefore has standing under 11 U.S.C. § 307.

*LWD, Inc.*, 342 B.R. at 519. The bankruptcy court similarly accepted as true the United States Trustee's allegations of creditor status in denying the defendants' motions for failure to state claims for equitable subordination, "equitable postponement", and unjust enrichment. *Id.* at 519-22. *LWD* did not address an attempt by the United States Trustee to sue a non-debtor for civil sanctions and the United States Trustee's claims survived Rule 12(b)(6) dismissal because he claimed status as the representative of the United States – a creditor of the underlying bankruptcy estate – something the UST here has not alleged. *LWD* does not support the UST's position.

The second case the UST cited for the proposition that he is authorized to sue for injunctive relief and sanctions is *Walton v. Jones (In re Shirley)*, 184 B.R. 613 (Bankr. N.D. Ga. 1995). There, the United States Trustee filed an adversary proceeding to enjoin a bankruptcy petition preparer from engaging in the unauthorized practice of law. The defendant entered into a consensual permanent injunction, which he later violated. *Walton*, 184 B.R. at 616-17. The United States Trustee then filed a motion for contempt. The bankruptcy court rejected the defendant's challenge to the United States Trustee's standing to bring the action on the grounds that the defendant had waived any standing objection by consenting to the permanent injunction, and further, that the challenge was moot as the court had heard all the evidence and could act accordingly. *Id.* at 617. *Walton* is not applicable to this case in light of the bases for the bankruptcy court's opinion – waiver and mootness. Moreover, *Walton* has been legislatively supplanted by the enactment of section 110(j) of the Bankruptcy Code, which expressly empowers the United States Trustee to initiate adversary proceedings to enjoin bankruptcy

petition preparers from taking actions in violation of section 110.[3]   In short, the UST here advances no authority that suggests he can state a claim for civil sanctions against Countrywide.[4]

The UST's Complaint cites no statute or common law principle that authorizes it to pursue "appropriate monetary sanctions" in an adversary proceeding   Federal Rule of Civil Procedure 8(a)(2), which applies to this adversary proceeding by reason of Rule 7008(a) of the Federal Rules of Bankruptcy Procedure, requires the UST to provide, at minimum, "a short and plain statement of the claim showing that the pleader is entitled to relief."   FED. R. CIV. P. 8(a)(2).   The UST has failed to plead any grounds to support a claim that he is entitled to pursue or to recover civil monetary sanctions against Countrywide.   The bare assertion that he is so entitled does not satisfy the pleading standards of Federal Rules 8(a) and 12(b)(6), or the standards set forth by the Supreme Court in *Twombly*.   The UST's claim against Countrywide for monetary sanctions will be dismissed for failure to state a claim upon which relief can be granted.

---

[3] Indeed, only two statutes authorize the United States Trustee to file lawsuits:  11 U.S.C. § 110(j) and 28 U.S.C. § 586(f)(2)(B), allowing the United States Trustee to file an adversary proceeding to revoke a debtor's discharge for material misstatements of income, expenditures, and assets.

[4] The Court notes the UST has cited *Hale v. United States Trustee*, 509 F.3d 1139 (9th Cir. 2007) for the proposition that the Court has the inherent statutory authority to "discipline Countrywide under its inherent powers as well as under section 105(a) of the Bankruptcy Code . . . ."  *Hale*, however, is not instructive on the question whether the UST here may independently maintain a lawsuit against Countrywide for the imposition of civil sanctions.  Rather, *Hale* involved a motion brought by the United States Trustee for sanctions under Rule 9011 against an attorney who counseled debtors pre-filing, but who did not sign their bankruptcy petitions or appear in their *pro se* cases.  The bankruptcy court ordered disgorgement to the debtors of the attorney's pre-filing fee, ordered the attorney to reimburse the debtors for the costs and expenses they had incurred in their cases, ordered the attorney to sign the bankruptcy petitions of the clients he counseled and appear on their behalf at proceedings in their cases, and awarded the United States Trustee $2,000 to "encourage [Hale] to change his conduct, serve as a deterrent to others, and reimburse the U.S. Trustee for some of the fees and expenses that it incurred attempting to gain Hale's compliance with Rule 9011."  *Hale*, 509 F.3d at 1144.  The United States Trustee's actions in *Hale*, in contrast to the UST's here, involved a Rule 9011 motion -- a remedy not sought by, nor available to the UST here -- and served as compensation for the United States Trustee's expenses, not an unspecified civil sanction.

B.    **The UST has failed to state a claim for injunctive relief.**

To obtain an injunction against future conduct, a party must demonstrate a "real and immediate threat" of future injury accompanied by "continuing, present adverse effects." *Elend v. Basham*, 471 F.3d 1199, 1207-08 (11th Cir. 2006); *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) quoting *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir. 2003). Without "continuing, present adverse effects," the injury remains "wholly inchoate," and the "injury" requirement of standing is not satisfied. *Elend*, 471 F.3d at 1207, 1209; *see, e.g., Bellefonte Reins. Co. v. Aetna Cas. and Sur. Co*, 590 F. Supp. 187 (S.D.N.Y. 1984). No justiciable controversy exists when the claim is based upon the possibility of a factual situation that may never develop. *See, e.g., Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28-29 (5th Cir. 1989); *Hunt v. Anderson*, 794 F. Supp. 1551 (M.D. Ala. 1991). Second, the request for an injunction that commands a party to "obey the law" is improper and unnecessary. *Elend*, 471 F.3d at 1209; *Burton v. City of Belle Glade*, 178 F.3d 1175, 1200-01 (11th Cir. 1999) (the district court correctly refused to issue requested injunction ordering defendant city not to discriminate as such injunction would amount to an order to "obey the law"). Finally, a request for an injunction requires specificity and clear guidance. *See, Burton*, 178 F.3d at 1200 (rejecting requested injunctive relief on basis that injunction must contain an operative command capable of enforcement); *Federal Elec. Comm'n. v. Furgatch*, 869 F.2d 1256, 1263-64 (9th Cir. 1989); *see* FED. R. CIV. P. 65(d); FED. R. BANKR. P. 7065.

The Eleventh Circuit, in *dicta*, has expressed concerns related to a government agency's practice of seeking "obey the law" injunctions. *SEC v. Smyth*, 420 F.3d 1225, 1233 n. 14 (11th Cir. 2005). In *SEC v. Smyth*, the Eleventh Circuit criticized the SEC's practice of seeking injunctions that merely command a party to obey the securities laws. *Id.* The court noted that

these commands violate the Eleventh Circuit's prohibition on "obey the law" injunctions. *Id.* Moreover, the court addressed constitutional concerns with the practice, suggesting that the injunction could be used to side-step the Due Process Clause or to hamstring a party's right to a jury trial. *Id.*

The UST's claim for injunctive relief against Countrywide fails. The UST has failed to plead facts showing an imminent threat of future injury or any continuing, current injury warranting any sort of injunction. *See Elend*, 471 F.3d at 1207-08. The UST alleges in paragraph 32 of his Complaint that "Countrywide's practices and conduct are likely to continue to prejudice parties in interest." The UST's allegation fails to suggest a specific imminent threat of future harm and is merely a speculative, conclusory assertion. This speculation of future harm is not sufficient to warrant the issuance of an injunction that can have far-reaching constitutional implications in the future. *See Smyth*, 420 F.3d at 1233 n. 14.

The UST requests an injunction that Countrywide obey the bankruptcy laws by not "engaging in bad faith and abusive practices"—practices already prohibited by, *inter alia*, Federal Rule of Bankruptcy Procedure 9011. *See Elend*, 471 F.3d at 1209 (calling injunctions to obey the law "impermissible" in the Eleventh Circuit). Any hypothetical future injury requiring restraint is addressed by existing rules and procedures, and the injunction the UST seeks would be an unnecessarily duplicative decree. Moreover, the claim for injunctive relief lacks any degree of specificity and fails to provide any real guidance for Countrywide's future conduct. *See Burton*, 178 F.3d at 1200. This injunction would therefore operate as the type of injunction criticized by the Eleventh Circuit in *Smyth*, risking Countrywide's future legal rights through a decree that merely duplicates the existing body of remedies. *See Smyth*, 420 F.3d at 1233 n. 14.

The Court commends the UST for his noble intentions and efforts to protect the public from reprehensible conduct by an apparently overreaching mortgage lender; but, existing law does not permit that to be accomplished in a suit by the UST against a potential villain. The UST may be authorized to investigate wrongdoing, conduct discovery relative to an investigation and even conduct meetings of creditors under 11 U.S.C. § 341, but the results of any such investigation, discovery or meetings, if actionable, may not be pursued by him in an adversary proceeding against the alleged wrongdoer. Rather, it is the United States Attorney who is charged with bringing legal action to punish violations of the bankruptcy laws. For these reasons, the UST's Complaint fails to state a claim for injunctive relief against Countrywide and this claim, too, will be dismissed.

## IV.    **CONCLUSION AND ORDER**

For the reasons set forth herein, it is

**ORDERED** that Countrywide Home Loans, Inc.'s Motion to Dismiss is GRANTED. This adversary proceeding is dismissed.

###

**Copies furnished to:**
Philip J. Landau, Esq.
**AKERMAN SENTERFITT**
Attorneys for Countrywide Home Loans, Inc.
Las Olas Centre II
350 East Las Olas Blvd., Suite 1600
Fort Lauderdale, Florida 33301
954-463-2700 (ph)/ 954-463-2224 (fax)
phil.landau@akerman.com

Attorney Landau is directed to serve copies of this order on the parties listed and file a certificate of service.